IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DEAN L.**[1], <br><br>             Plaintiff, <br><br>     v. <br><br> **ANDREW M. SAUL,** Commissioner of Social Security, <br><br>             Defendant. | Case No. 3:19-cv-860-SI <br><br> **OPINION AND ORDER** |

Drew L. Johnson and Sherwood J. Reese, DREW L. JOHNSON, P.C., 1799 Valley River Drive, Eugene, OR 97401. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Sarah E. Moum, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

This case presents the question of whether a person who suffers from a listed impairment but also may have performed some substantial gainful activity ("SGA") is eligible for child's

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

disability benefits. The relevant regulations, case law, and statutory text persuade the Court that the Administrative Law Judge ("ALJ") erred by determining that the Plaintiff was categorically ineligible for child's disability benefits. The ALJ's decision is REVERSED and this case REMANDED for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application History

Dean L. ("Plaintiff") was born on November 15, 1964. He first filed for Supplemental Security Income ("SSI") at age 19, more than 30 years ago. In 1984, an ALJ found that Plaintiff had "severe and profound sensorineural bilateral hearing loss, and has had this problem since birth with nonintelligible speech and superimposed on a hyperactive behavior disorder." AR 28. The ALJ in 1984 concluded that Plaintiff met Listing 2.10 and thus was disabled under the Social Security Act as of the date of his application, which was April 15, 1983. AR 29. Plaintiff began to collect SSI payments. *Id.* He turned 22 on November 14, 1986.

Plaintiff collected SSI until January 2001. From 2001 to 2009, Plaintiff resumed working. After being fired from several jobs, Plaintiff applied for SSI and Disability Insurance Benefits ("DIB") in 2011. AR 56. The agency determined that Plaintiff was disabled as of July 17, 2009, the date on which he was fired from his last job, and the agency approved Plaintiff's application for SSI and DIB. *Id.* The agency found Plaintiff disabled in 2011 for the same reason it found him disabled in 1984: Plaintiff met Listing 2.10. *Id.*

Plaintiff applied for child's disability benefits in 2014, after the death of his father. The agency denied the child's disability benefits claim both initially and upon reconsideration, and Plaintiff requested a hearing. AR 9. Plaintiff appeared for a hearing before an ALJ in March 2018. AR 185-214. On May 11, 2018, the ALJ issued a decision denying Plaintiff's claim for child's disability benefits because Plaintiff had performed substantial gainful activity ("SGA") from 2000-2001, after he turned 22. AR 6-14. Plaintiff requested review of the hearing decision, which the Appeals Council denied in April 2019. AR 2-5. Accordingly, the ALJ's decision became the final decision of the agency. Plaintiff seeks judicial review of the agency's final decision denying his claim for child's disability benefits.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the

claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ first determined that Plaintiff "had not attained age 22 as of April 4, 1983, the alleged onset date." AR 11. The ALJ then concluded that

> Under Social Security Administration policy, an applicant who has never been entitled to child's disability benefits, and has performed SGA after age 22, cannot have an onset date before age 22. Thus, that applicant is ineligible for child's disability benefits.

AR 13. The ALJ determined that Plaintiff's earnings in 2001 and 2002—even after subsidies and a reduction to reflect lower productivity—exceeded SGA earnings levels. AR 12. On that basis alone, the ALJ found that Plaintiff's disability did not begin before age 22. Because of the ALJ's conclusion about Plaintiff's disability onset date, the ALJ determined that Plaintiff was categorically ineligible for child's disability benefits. *Id.* The ALJ analyzed Plaintiff's other work between 2001 and 2009 but relied only on Plaintiff's work in 2001 and 2002 at Split Second Industries. ECF 16 at 6 n.3.

## DISCUSSION

## A. Eligibility for Child's Disability Benefits

A person is eligible for child's benefits if, among other requirements and as relevant to this case, the person is under a disability that began before the person turned 22 years of age. 42 U.S.C. § 402(d)(1)(B). "[T]he claimant must be disabled *continuously and without interruption* beginning before her twenty-second birthday until the time she applied for child's disability insurance benefits." *Smolen v. Chater*, 80 F. 3d 1273, 1280 (9th Cir. 1996) (emphasis in original).

### 1. Agency Regulations

The ALJ relied on agency regulation to support the ALJ's conclusion. The ALJ's analysis, however, conflicts with the relevant regulations. The ALJ only cited 20 C.F.R.

§ 404.350 to support her conclusion that "an applicant who has never been entitled to child's disability benefits, and has performed SGA after age 22, cannot have an onset date before age 22." AR 13. Applying that principle to Plaintiff's case, the ALJ concluded that Plaintiff was not under a disability at any time before he turned 22 and was thus ineligible for child's disability benefits. *Id.*

Section 404.350 does not support the ALJ's reasoning. It does not mention SGA and provides that a claimant is entitled to child's disability benefits if "[they] are 18 years or older and have a disability that began before [they] became 22 years old." 20 C.F.R. § 404.350(a)(5). Plaintiff is older than 18. He is currently under a disability—there is no evidence that his status has changed since the second ALJ found him disabled in July 2009. AR 19. He has a disability that began before he turned 22—the ALJ in 1984 ALJ found him disabled at age 19. *Id.* Thus, the ALJ's stated reasoning would not support the ALJ's conclusion even if Plaintiff were definitely not disabled continuously and without interruption between 1983 (the onset date of his disability as found by the ALJ in 1984) and 2009. Because the ALJ cited only § 404.350 as a reason to reject Plaintiff's application for child's disability benefits and this regulation does not support the ALJ's conclusion, remand is necessary because the Court may not affirm the ALJ on a ground upon which the ALJ did not rely. *See Bray*, 554 F.3d at 1226.

### 2. The Social Security Act

The ALJ's reasoning also conflicts with the text of the Social Security Act. Congress allowed for claimants to receive child's disability benefits even after engaging in a period of SGA. *See* 42 U.S.C § 402(d)(1)(G) (explaining that a claimant can collect child's disability benefits after engaging in SGA); 42 U.S.C. § 402(d)(6) (providing that a "child whose entitlement to child's insurance benefits . . . terminated . . . may again become entitled to such benefits"). Indeed, 42 U.S.C. § 402(d)(1)(G) prohibits terminating a claimant's child's disability

PAGE 7 – OPINION AND ORDER

benefits "earlier than the first month occurring after the 36 months following such period of trial work in which [the claimant] engages or is determined able to engage in substantial gainful activity." *Id.* Further, 42 U.S.C. § 402(d)(6) specifically permits a claimant who ceased to be under a disability due to performance of SGA to become re-entitled to child's disability benefits. If that provision is to have any meaning, a period of SGA earnings alone cannot categorically preclude the continuous and uninterrupted disability required for child's disability benefit eligibility.

The Commissioner argues that these provisions of the statute do not apply to Plaintiff because he "has never been entitled to child's disability benefits." That argument is unavailing for two reasons. The first reason is textual. Section 402(d)(1)(G) applies to any child "under a disability . . . at the time he attained the age of 18" and any child not under a disability at such time but "under a disability at or prior to the time he attained (or would attain) the age of 22." 42 U.S.C § 402(d)(1)(G). Plaintiff meets the textual criteria.

The second reason is practical. Everyone agrees that Plaintiff was disabled before his eighteenth birthday; the Commissioner argues only that Plaintiff ceased to be disabled when he earned above SGA levels in 2001 and 2002. Plaintiff's father died in 2002. Had Plaintiff's father died in 1995, Plaintiff's two years of SGA earnings would not have prevented him from applying for and collecting child's disability benefits. Notably, the ALJ relied only on Plaintiff's two years of SGA earnings at Split Second to find him ineligible—less than the 36 months of SGA permitted by § 402(d)(1)(G). Congress could not have intended to punish people like Plaintiff who attempt to work before the death of their parent, do not succeed, and then seek child's disability benefits after their parent dies.

The Commissioner distinguishes between the re-entitlement to benefits after termination and the eligibility for benefits. *See* ECF 16 at 4 ("the question of termination of benefits or re-entitlement to benefits does not arise until eligibility is established."). But eligibility necessarily precedes entitlement. The Commissioner cannot credibly argue that Plaintiff is ineligible for child's disability benefits because he has never been entitled to them, and then turn around and argue that Plaintiff is not entitled to the same benefits because he is ineligible for them. That reasoning dodges the unsettled central question: whether SGA earnings preclude eligibility for child's disability benefits. As discussed above, agency regulations and the Social Security Act imply that they do not. The Ninth Circuit has provided additional guidance on eligibility for child's disability benefits which buttresses that implication.

### 3. The Case Law

*Smolen v. Chater* is the principal decision in the Ninth Circuit addressing eligibility for child's disability benefits. *See* 80 F. 3d 1273 (9th Cir. 1996). "To be eligible for disabled child's insurance benefits, the claimant must at the time [his] application is filed be under a disability . . . which began before he attained the age of 22." *Id.* at 1279-80 (quotation marks omitted). The claimant "must be disabled *continuously and without interruption* beginning before her twenty-second birthday until the time she applied for child's disability insurance benefits." *Id.* at 1280 (emphasis in original). Plaintiff and the Commissioner agree that Plaintiff's disability began before his 22nd birthday in 1983. Plaintiff and the Commissioner agree that Plaintiff was disabled when he applied for child's disability benefits in 2014. The parties disagree only about whether Plaintiff's apparent SGA at Split Second in 2001 and 2002 means that he was not "disabled continuously and without interruption" between 1983 and 2014. *Id.*

Although *Smolen* is helpful, it is not precisely on point. At age 27, the *Smolen* plaintiff sought to establish for the first time that she was disabled before her 22nd birthday. The Ninth

PAGE 9 – OPINION AND ORDER

Circuit considered the record and held that she "provided evidence of underlying impairments" to support such a finding and held that the disability continued up until she applied for child's disability benefits. The court in *Smolen* held that, after crediting improperly rejected subjective symptom and medical opinion testimony, "a finding of disability is clearly required." *Id.* at 1292. Here, the ALJ in 1984 determined that Plaintiff was disabled at age 19 because he met Listing 2.10. Another ALJ found that Plaintiff was disabled as of 2009 for the same reason. Plaintiff continues to collect SSI and DIB based on the latter determination.

More importantly, the court in *Smolen* did not consider whether any of the work performed by the claimant in that case constituted SGA, and, if so, whether those SGA earnings would preclude eligibility for child's disability benefits. The court in *Smolen* did not address SGA at all, even though it noted that the claimant "completed a course and was certified as a CNA [Certified Nurses' Aid]" and "worked two jobs as a CNA." *Id.* at 1287. The dissent in *Smolen* also did not discuss the impact of SGA, but instead argued that the ALJ properly discredited subjective symptom testimony and medical opinion testimony. *Id.*

The Commissioner argues that the Court should adopt the Sixth Circuit's reasoning in *Futernick v. Richardson*—a case that addressed SGA earnings and held that they precluded eligibility for child's disability benefits. 484 F.2d 647, 648 (6th Cir. 1973). The court in *Futernick* analyzed a claim for child's disability benefits by a claimant who was disabled on his eighteenth birthday and who "may have been disabled at the time of his application for benefits." *Id.* at 648. The court did not address these two findings but held that the claimant's 16 months of SGA earnings in the interim period constituted "substantial evidence that the claimant has not been disabled continuously since his eighteenth birthday." *Id.* After *Futernick*, however, district courts in the Sixth Circuit "have consistently recognized that even a plaintiff who

PAGE 10 – OPINION AND ORDER

engages in what otherwise appears to be substantial gainful activity can, by presenting appropriate facts, demonstrate that his or her disability has been continuous." *Miller v. Shalala*, 859 F. Supp. 297, 301 (S.D. Ohio 1994).

## B. Evidence of Continuous and Uninterrupted Disability

Having concluded that the ALJ erred by finding Plaintiff categorically ineligible for child's disability benefits, the Court now considers whether Plaintiff has provided "evidence of underlying impairments . . . and their effect on [his] ability to function" for the entire period from before his twenty-second birthday to the date of his application for child's disability benefits, and beyond. *Smolen*, 80 F.3d at 1280. *Smolen* illustrates one possible outcome. The court in *Smolen* did not analyze SGA and held that the claimant gave "substantial and undisputed" evidence of impairments. *Id.* at 1290. The court reviewed the claimant's subjective symptom testimony, the medical source opinions of the claimant's treating physicians, and the lay testimony of the claimant's family members and concluded that the claimant was disabled "continuously and without interruption beginning before her twenty-second birthday until the time she applied for child's disability benefits." *Id.* at 1280.

*Suarez v. Secretary of Health & Human Services* is an example of *Smolen*'s alternate outcome. 755 F.2d 1 (1st Cir. 1985). Like the court in *Smolen*, the court in *Suarez* did not address SGA in its decision. The court in *Suarez* also agreed that the claimant needed to show "continuous, uninterrupted disability after age 22." *Id.* at 3-4. Unlike the court in *Smolen*, the court in *Suarez* held that the record evidence was not enough to reverse the Social Security Administration's conclusion that the claimant was not continuously disabled without interruption after age 22, although the record supported that the claimant's disability began before her twenty-second birthday. *See id.* at 3-4; *see also id.* at 4 (explaining that the claimant's "brief, general, and somewhat disjointed comments made without reference to specific periods" did not

PAGE 11 – OPINION AND ORDER

establish her continued and uninterrupted disability)[2]; *see also Reyes v. Sec'y of Health, Ed. & Welfare*, 476 F.2d 910, 914 (D.C. Cir. 1973) (affirming ALJ's denial of child's disability benefits when the record had "no clinical, diagnostic evidence as to the claimant's disease prior to age 18 [now 22]" and "absolutely no objective evidence of claimant's disability" over a 30 year period after age 18 [now 22]).

Plaintiff met the requirements of Listing 2.10 before and after the period when he allegedly earned above SGA levels. In 1984, the ALJ found that "[t]he pertinent substantial uncontradicted medical evidence of record shows that [Plaintiff] has severe and profound sensoneural bilateral hearing loss, has had this problem since birth, with nonintelligible speech . . . [Plaintiff] is unable to discriminate sounds at all, despite the use of two hearing aids." AR 28. Plaintiff's condition did not change during the intervening years—a physician who examined him in 2011 determined that Plaintiff suffered from "[b]ilateral severe to profound sensorineural hearing loss" and did not benefit from hearing aids. AR 61. The doctor also noted that Plaintiff had "no speech that is intelligible." *Id; see also* AR 124 (describing "severe to profound sensorineural hearing loss" in a 2015 examination). The record, however, contains limited evidence describing Plaintiff's condition between 1983 and 2011.

## C.  Remand for Further Proceedings

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for

---

[2] Despite this conclusion, the court in *Suarez* suggested that "the interests of justice may well be served in this case if the Secretary would accord to another attorney, if requested, the privilege of attempting to supplement the record by detailed submissions to the Appeals Council, with the possibility of a reopened hearing before an ALJ." *Suarez*, 755 F.3d at 5.

immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.*

The ALJ committed legal error by asserting that Plaintiff could not have an onset date before age 22 because he allegedly earned above SGA levels after turning 22 and had never been entitled to child's disability benefits. This error was harmful because absent the error the Court cannot "confidently conclude that no reasonable ALJ . . . could have reached a different conclusion" about Plaintiff's eligibility for child's disability benefits. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). Further proceedings, however, would be useful. Remand is appropriate so that the ALJ can evaluate whether, regardless of SGA earnings, Plaintiff has "provided evidence of underlying impairments" for the entire period between 1983 and the date he applied for child's disability benefits.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED and this case REMANDED for further proceedings.

**IT IS SO ORDERED**.

DATED this 25th day of August, 2020.

<u>/s/ *Michael H. Simon*</u>
Michael H. Simon
United States District Judge